**Kumar LAKHWINDER, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

**No. 05–60960**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 15, 2006.

Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Thomas Ward Hussey, Director, Linda Susan Wendtland, Kenneth L. Pasquarell, Acting District Director, U.S. Department of Justice, Office of Immigration Litigation, Mark L. Gross, U.S. Department of Justice, Caryl G. Thompson, U.S. Department of Justice Civil Rights Division, Washington, DC, Edward C. Durant, U.S. Immigration & Naturalization Service District Directors Office, San Antonio, TX, Christopher Wang, Joe A. Aguilar, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Civil Division Immigration Litigation, Washington, DC, pro se.

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Kumar Lakhwinder, a native and citizen of India, petitions for review of the final order of the Board of Immigration Appeals' decision (BIA) affirming the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). In rejecting Lakhwinder's applications, the BIA found that Lakhwinder lacked credibility.

This court generally reviews only the BIA's decision, not that of the IJ, except to the extent that the IJ's decision influences the BIA. *Mikhael v. I.N.S.,* 115 F.3d 299,

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

302 (5th Cir.1997). Because the BIA summarily affirmed, without opinion, the IJ's decision, the IJ's decision is the final agency determination for judicial review. *See* 8 C.F.R. § 1003.1(e)(4)(ii).

The BIA articulated cogent reasons, supported by substantial evidence in the record, for rejecting Lakhwinder's testimony as incredible. *See Chun v. I.N.S.,* 40 F.3d 76, 79 (5th Cir.1994). Absent credible testimony by Lakhwinder, substantial evidence supports the BIA's determination that Lakhwinder failed to establish that he was eligible for asylum and withholding of removal. *See id.* Because Lakhwinder failed to challenge the IJ's denial of relief under the CAT in his appeal to the BIA, he has not exhausted this issue. This court thus lacks jurisdiction to review it. *See Wang v. Ashcroft,* 260 F.3d 448, 452–53 (5th Cir.2001). Accordingly, Lakhwinder's petition for review is DENIED.